RODNEY F. DYER *et al. vs.* CRANSTON PRINT WORKS.

PROVIDENCE—NOVEMBER 17, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1)    *Equity Pleading and Practice.    Oral Evidence.    Res Adjudicata.*

Oral evidence cannot be admitted to vary written instruments, and therefore an answer to a bill may not be so amended as to set up a defence the proof of which would involve oral testimony contradicting written agreements and conveyances between the parties to the suit, and which have been passed upon by the court.

BILL IN EQUITY to reform a deed and mortgage. Heard on motion of defendant to amend its answer.

PER CURIAM. The respondent moves to amend its answer so that it may set up as a defence a prescriptive claim to the use of so much of the water of the Cranston Print Works pond as was used by its predecessors in title on and for more than twenty years prior to June 1, 1872. The complainants object to the granting of the motion on the ground that the whole question of easement has been fully argued and decided in their favor and is therefore *res adjudicata.*

The claim of the respondent, as made in its answer, and as heretofore pressed on the consideration of the court, was of a prescriptive right to the use of all the water of the pond for the purpose of developing power. The court denied the right of the respondent to have issues to a jury submitting the question whether such a right existed, because it was of the opinion that the right of the parties to the water of the pond was to be determined by the construction to be put on the agreement and conveyances referred to in the pleadings, and was therefore a question for the court and not for the jury; and, further, that as the right claimed was a prescriptive right to the use of all the water of the pond, such right could not be shown by oral evidence because inconsistent with the agreement and conveyances referred to, which expressly recognized Dyer as possessed of water rights connected with dams, or the right to the use of water for furnishing power. Rescript of July 7, 1893, 19 R. I. 211.

We do not see that the amendment proposed will materially change the questions which have already been passed on by the court. Under the claim of a prescriptive right to the use of so much of the water of the pond as was used by its predecessors in title on June 1, 1872, and had been used for more than twenty years prior to that date, the respondent might still show the use of the entire water of the pond, as (1) claimed in its answer as it is at present. This would be wholly inconsistent with the agreement and conveyances referred to in the pleadings, as construed by the court; and,

besides, to permit the amendment would be impliedly to sanction the admission of oral evidence to vary the written instruments.

The motion to amend the answer is denied.

*C. Frank Parkhurst*, for complainants.

*Stephen O. Edwards, Walter F. Angell, Seeber Edwards, and Albert Gerald*, for respondent.